## BALL v. PARAMOUNT PICTURES, Inc. et al.

### Civ. A. No. 2963.

United States District Court
W. D. Pennsylvania.

Dec. 13, 1948.

See also 67 F.Supp. 1.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., and Rawle & Henderson, of Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, of Philadelphia, Pa., and Smith, Buchanan & Ingersoll and Reed, Smith, Shaw & McClay, Esqs., all of Pittsburgh, Pa., for defendants.

GIBSON, Chief Judge.

And now, to wit, December 13, 1948, it is ordered, adjudged and decreed as follows:

1. The monopoly of exhibition of motion pictures on first run in the Borough of Ambridge, Pennsylvania, engaged in by the defendants and the conspiracies and attempts to bring about such monopoly and the contracts, combinations and agreements of the defendants, among themselves or with others, resulting in such monopoly and in the restraint of interstate trade and commerce as found by the Court are declared to be illegal and are enjoined as in violation of the Act of Congress of July 2, 1890, known as the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, as amended and supplemented by the Act of Congress of October 15, 1914, known as the Clayton Act, 38 Stat. 730.

2. The defendants herein and each of them, and each and all of their respective parent, associated and subsidiary corporations, each and all of their respective officers and directors, each and all of their respective agents, servants and employees, and all persons acting or claiming to act on their behalf, or any of them, are enjoined and restrained from, directly or indirectly:

(a) Monopolizing or attempting to monopolize the exhibition of feature motion pictures on first run in the Borough of Ambridge, or from entering into, engaging in or consummating, directly or indirectly, expressly or impliedly, by means of discrimination in prices and terms, or by any other means or device, any such monopolization or any such restraint of interstate trade or commerce.

(b) Enforcing, continuing, performing or acting under any provisions in existing contracts or license agreements between the distributor defendants and the exhibitor defendants having the effect of such monopolization, and entering into, executing or performing, directly or indirectly, expressly or impliedly, any provisions in any other such license agreements, franchise or arrangements whatsoever having the same effect.

(c) Conspiring to protect or perpetuate any such monopoly in the exhibition of motion pictures on the first run in the Borough of Ambridge, or such restraint of, or agreement or conspiracy to restrain such interstate trade or commerce in motion pictures, or entering into, engaging in, accomplishing or consummating, directly or indirectly, expressly or impliedly, any agreements or conspiracies having the effect of illegality.

(d) Licensing their feature motion pictures for first run performance in the Borough of Ambridge to any one or more of the defendants without giving plain-

tiff an opportunity to inspect and negotiate for said pictures equal to and in all respects the same as the opportunity afforded any other exhibitor.

3. This decree is final, but jurisdiction of this cause is retained for the purpose of enabling any party to move to modify any of the provisions of this decree other than those relating to damages or counsel fees.

4. The defendants shall pay the plaintiff the costs of suit.