### BALL et al. v. PARAMOUNT PICTURES, Inc.

No. 9874.

United States Court of Appeals Third Circuit.

Argued June 13, 1949.

Decided July 29, 1949.

Joseph W. Henderson, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., Thorp, Bostwick, Reed & Armstrong, Pittsburgh Pa., on the brief), for appellant.

Bernard Segal, Philadelphia, Pa. (Wm. A. Schnader, Arlin M. Adams, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for distributor appellees.

Charles E. Kenworthey, Pittsburgh, Pa. (James H. Beal, and Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for Pennware and Notopaulos.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this matter by our opinion in 169 F.2d 317, we found that the appellees had conspired against appellant in violation of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1 et seq., 12 et seq. We left the form of the decree to the Court below. A decree was entered in the District Court on December 13, 1948, 81 F.Supp. 21€. The form of that decree gives rise to this appeal.

By its first paragraph, the decree states that the existence of the monopoly, of the conspiracies and attempts to bring it about "and the contracts, combinations and agreements of the defendants, among themselves or with others, resulting in such monopoly and in the restraint of interstate trade and commerce as found by the Court are declared to be illegal and are enjoined * * *." Paragraph 2 then goes on to more specifically enjoin the appellees from:

"(a) Monopolizing or attempting to monopolize the exhibition of feature motion pictures on first run in the Borough of Ambridge, or from entering into, engaging in or consummating, directly or indirectly, expressly or impliedly, by means of discrimination in prices and terms, or by any other means or device, any such monopolization or any such restraint of interstate trade or commerce.

"(b) Enforcing, continuing, performing or acting under any provisions in existing contracts or license agreements between the distributors defendants and the exhibitor defendants having the effect of such monopolization, and entering into, execut-

ing or performing, directly or indirectly, expressly or impliedly, any provisions in any other such license agreements, franchise or arrangements whatsoever having the same effect.

"(c) Conspiring to protect or perpetuate any such monopoly in the exhibition of motion pictures on the first run in the Borough of Ambridge, or such restraint of, or agreement or conspiracy to restrain such interstate trade, or commerce in motion pictures, or entering into, engaging in, accomplishing or consummating, directly or indirectly, expressly or impliedly, any agreements or conspiracies having the effect of illegality.

"(d) Licensing their feature motion pictures for first run performance in the Borough of Ambridge to any one or more of the defendants without giving plaintiff an opportunity to inspect and negotiate for said pictures equal to and in all respects the same as the opportunity afforded any other exhibitor."

■ Appellant complains that the language of 2(d) fails of its purpose because there is no finality to it, i. e., appellant is merely given the equal opportunity "to inspect and negotiate" for the pictures in question without any provision that he have the same equal opportunity to actually obtain the pictures. The contention is obviously meritorious. The Court below will be directed to modify paragraph 2(d) of the decree so that it will read as follows: "(d) Licensing their feature motion pictures for first run performance in the Borough of Ambridge to any one or more of the defendants without giving plaintiff an opportunity to inspect, negotiate for and obtain said pictures equal to and in all respects the same as the opportunity afforded any other exhibitor."

■ Appellant urges that a new clause should be inserted in the decree in order to protect the playing position of the Penn Theatre with particular reference to the time for the showing in Ambridge of the pictures in question after the latter have been exhibited in Pittsburgh. Appellant is entitled to fair protection in this respect and any future change of playing position should be at the direction of the Court. Therefore the Court below will be directed to add a new subparagraph to paragraph 2 of the decree, to read as follows: "(e) From impairing, reducing or changing the playing position of the Penn Theatre which prevailed as of April 30, 1944, until the further order of the Court."

Appellant also suggests that there should be a provision in the decree placing the burden of proving compliance with its terms upon the appellees. This is strenuously opposed by the appellees who maintain that the mere entry of the decree assures appellant of the relief to which he is entitled. While there may be considerable to that argument, we are interested primarily in seeing to it that the decree really works out in practical fashion as intended. Subject to appeal on the merits, the issue here has been determined and we are desirous of eliminating as far as possible, any excuse for unnecessary, harassing litigation by either side. Having appellees establish compliance with the decree will be of substantial help to that end. This will cause no undue hardship to appellees. Indeed, it can be far more easily and satisfactorily accomplished by them than by appellant. Within their own organization, nationwide statistics are readily available concerning film rentals and other comparative picture and theatre data. Most of such special knowledge would be difficult if not impossible for appellant to obtain. The procedure indicated finds strong support in United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L. Ed. 1260. In that case, with respect to clearances, the Expediting Court had put the burden of sustaining the legality of any clearance provision when attacked, upon the distributor. The Supreme Court in upholding this, said 334 U.S. at page 148, 68 S.Ct. at page 925: "To place on the distributor the burden of showing their reasonableness is to place it on the one party in the best position to evaluate their competitive effects. Those who have shown such a marked proclivity for unlawful conduct are in no position to com-

plain that they carry the burden of showing that their future clearances come within the law."

◼ Though there is little, if any, question of clearance before us at this time, the analogy is very close and the reasons the appellees should here have the burden of showing compliance are identical with those given by the Supreme Court in the Paramount opinion, supra, for placing the burden on the distributor of showing the legality of clearance. Accordingly, the Court below will be directed to add a new paragraph 3 to the decree which will read: "3. In any proceeding instituted by plaintiff in connection with the alleged violation of this decree in the future at any time by any of the defendants, the burden of proving compliance with the terms of the decree shall be upon the defendants."

◼ The present paragraph 3 of the decree reads: "This decree is final, but jurisdiction of this cause is retained for the purpose of enabling any party to move to modify any of the provisions of this decree other than those relating to damages or counsel fees." The language in that paragraph referring to damages or counsel fees is inept as there is no other mention in the decree, of such items. The Court below will be directed to change the paragraph number of this paragraph from 3 to 4 and to modify the paragraph to read: "4. This decree is final, but jurisdiction of this cause is retained for the purpose of enforcing this decree or of enabling any party to move to modify any of the provisions of this decree."

The Court below will be directed to renumber the present paragraph 4 as paragraph 5.

As modified in the above respects, the decree should give appellant the protection contemplated by our opinion, supra. There is no present need therefore, of passing upon appellant's remaining suggestions regarding the decree.

The decree below will be vacated to the extent indicated by this opinion and the case will be remanded to the District Court with directions to modify the decree as outlined in this opinion.