### RUSHING
v.
### METRO–GOLDWYN–MAYER DISTRIBUTING CORP. OF TEXAS et al.
### No. 14746.

United States Court of Appeals,
Fifth Circuit.
Aug. 12, 1954.

---

Chas. H. Slaughter and D. A. Frank, Dallas, Tex., for appellant.

John A. Johnson, Oklahoma City, Okl., Paul Carrington, William H. Neary and Carlisle Blalock, Dallas, Tex., for appellees.

Before STRUM, Circuit Judge, and DAWKINS and HOOPER, District Judges.

DAWKINS, District Judge.

Appellant brought an action for treble damages and injunctive relief under the Sherman, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton, 15 U.S.C.A. § 12 et seq., Anti-Trust Acts against the following defendants: Metro-Goldwyn-Mayer Distributing Corporation of Texas, Warner Bros. Picture Distributing Corporation, United Artists Corporation, Twentieth Century-Fox Film Corporation, Republic Pictures Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation, all distributors of motion picture films, and Theatre Enterprises, Inc., a chain exhibitor.

He alleged that he was the owner and operator of Ward Theatre in Monahans, Texas, which he opened on July 2, 1948. At that time Theatre Enterprises operated the Texan and the Tower in Monahans. The complaint charged in detail that all the defendants had conspired to stifle competition, and to prevent appellant from obtaining first run licenses on class "A" and "AA" pictures, with the result that he was unable to operate a first class theatre. He alleged damage in the amount of $105,000.

At the close of the evidence, on motion, the trial court directed a verdict for all defendants. Appellant's motion for new trial was denied.

This appeal presents three questions: (1) was there any substantial evidence of conspiracy on the part of any or all of appellee; (2) even if there was a conspiracy, did appellant prove any damage caused by the activities of defendants; and (3) was there reversible error in the trial court's conduct of the trial and his ruling on appellant's objection to questions as leading?

■ Surely it is not necessary to consider at length the legal principles applicable to the first two questions when there are so many similar cases in the reports treating the problem ex-

haustively.[1] We deem it sufficient to state that even though the standard of proof required of a plaintiff in such actions has been reduced to a point considerably below that in most civil suits, it is still necessary that there be at least circumstantial evidence which reasonably supports an inference of conspiracy. Theatre Enterprises, Inc., v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257.

Without any experience whatsoever in the industry, appellant removed from East Texas to Monahans and opened a theatre. There were already two established theatres in the town, which had a population of some 6,200; and a short time later a drive-in theatre was opened. The evidence is conclusive that the area would not support four theatres, and later Theatre Enterprises was forced to close the Tower after considerable financial losses.

In addition it is shown by appellant's own testimony that his only experienced employee resigned without explanation prior to the opening of the Ward, and that he was replaced by a manager who appellant admitted was later discharged for habitual drunkenness.

The evidence, largely substantiated by appellant's own testimony, shows that the grading of pictures as "A" or "AA" was done by appellant himself, purely as a matter of opinion and without any standard against which his opinion could be measured. Appellant admitted receiving many first run pictures, although he expressed the self-serving thought that they were not top-grade pictures and were offered to him only after being refused by Theatre Enterprises. He offered no evidence to substantiate such conclusions. His own exhibits show that in many instances the Ward received more first runs than the Texan or Tower; and it plainly appears that on the only occasion when the Texan and the Ward showed comparable pictures at the same time, the Texan "out-grossed" the Ward.

Further, it is shown that very shortly after being requested to do so by appellant, every distributor named in the suit allowed appellant to bid competitively with the other theatres. Yet appellant failed to bid on many pictures, and submitted very low bids on many others. We are convinced that appellant received a fair share of first run pictures under the circumstances and that his real complaint is only that he did not receive as many as he wanted or the particular ones he most desired.

■■ Without further comment, we hold that the record discloses no substantial evidence from which reasonable minds could infer either conspiracy or damage proximately resulting therefrom.

■ While we do not approve of the abrupt manner of the trial judge or of some of his rulings as to obviously leading questions, the evidence is so clearly insufficient that no prejudice could have resulted from such conduct and rulings. In spite of the circumstances under which the case was tried, we are convinced that appellant had ample opportunity to develop his case fully. He failed simply because he had no substantial evidence.

Affirmed.

Judge STRUM participated in the hearing and decision of this cause, but died before the opinion was filed.

1. See, for example, Binderup v. Pathé Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308; Bigelow v. RKO Radio Pictures, 327 U.S. 251, 66 S.Ct. 574, 90 L. Ed. 652; Theatre Enterprises, Inc., v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257; Westway Theatre v. Twentieth Century-Fox Film Corp., D.C., 30 F.Supp. 830, affirmed 4 Cir., 113 F.2d 932; Momand v. Universal Film Exchanges, Inc., 1 Cir., 172 F.2d 37; Ball v. Paramount Pictures, 3 Cir., 176 F.2d 426; Fifth & Walnut, Inc., v. Loew's, Inc., 2 Cir., 176 F.2d 587; Bordonaro Bros. Theatres v. Paramount Pictures, 2 Cir., 176 F.2d 594; Windsor Theatre Co. v. Walbrook Amusement Co., D.C., 94 F.Supp. 388, affirmed 4 Cir., 189 F.2d 797; Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 190 F.2d 561; Dipson Theatres v. Buffalo Theatres, D.C., 86 F.Supp. 716, affirmed 2 Cir., 190 F.2d 951; Milgram v. Loew's, Inc., 3 Cir., 192 F.2d 579.